On April 13, 1998 pro se Relator filed a Petition for Writ of Mandamus generally asserting a right to pre-trial bail since Relator asserts that the Court of Appeals had reversed his conviction and remanded his case for a new trial. The Clerk's docket contains absolutely no record of a reversal and remand of any appeal involving Relator.
The docket record for criminal case number 97-CR-143 reveals the following: On March 14, 1997, Relator was indicted on a charge of breaking and entering in violation of R.C. 2911.13(A) (C). On April 18, 1997 he pled guilty to the charge of breaking and entering. On June 23, 1997 he was sentenced to twelve months in prison, with credit for 73 days in jail awaiting trial. Thereafter, on July 23, 1997 Relator was placed on probation for 3 years and was ordered into a program at Community Corrections Association. Subsequently he was brought back into court on a probation violation and on December 11, 1997 the trial court reimposed the original sentence of twelve months incarceration, with a total of 108 days of jail time credit. On March 2, 1998, the trial court overruled a motion for jail time credit for time spent at Community Corrections Association. No appeal was taken from the original sentence of imprisonment or the reimposition of sentence after there was a probation violation found by the trial court. Instead, on April 6, 1998 Relator filed a Complaint in Mandamus against the Adult Parole Authority and on April 13, 1998 filed the within complaint against the state. On April 28, 1998 the trial court entered a further order denying the Complaint in Mandamus for the reason that Relator had inaccurately claimed his conviction was reversed on appeal. It is evident that the trial court ruled on the same Complaint in Mandamus for the reason that it is headed to be filed in the Court of Common Pleas and clearly identifies case number 97-CR-143 (Relator's criminal case) as the case in which it is to be filed. The Clerk also assigned the filing a Court of Appeals case number as the apparent relief is directed against the sentencing judge, seeking a return to the sentencing county, segregation from the prison population, and release on bail since he was no longer a convicted prisoner, as his sentence had allegedly been reversed and a new trial ordered.
As defined in R.C. 2731.01:
 "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station."
In order to grant the writ, this court must find that Relator has a clear legal right to the relief prayed for, that Respondent is under a clear legal duty to perform the requested act, and Relator has no adequate remedy at law. State ex rel. Hodges v.Taft(1992), 64 Ohio St.3d 1.
As stated earlier, Relator is mistaken in his belief that there had been a reversal of his guilty plea and an order from this court to grant him a new trial. There simply was no appeal taken from either sentencing order. A diligent search of the Clerk's docket record reveals that the only action pending in this court involving Relator is the instant action in mandamus. The underlying premise for relief is wrong as no order for new trial exists. Therefore, there is no right of Relator to the relief requested, nor is there a duty on the part of Respondent to take any further action.
Relator has not stated a viable or legitimate reason for his Petition in Mandamus. The Petition must be and is hereby dismissed.
We further note that attached to the Petition for Writ of Mandamus is a fill-in-the-blank form styled as a Notice of Appeal directed to an order dated December 10, 1998. There is no order of December 10, 1998. If appellant had intended to appeal theDecember 11, 1997 order reimposing his twelve month sentence, he clearly failed to timely appeal within thirty days as required by App.R. 4(A), so as to properly invoke the jurisdiction of this court. Moreover, the "Notice of Appeal" is stapled to the Petition in Mandamus and is not separately file-stamped by the Clerk nor noted on the docket record. Even if this court were to consider the Notice of Appeal as being file-stamped on April 13, 1998, it is not accompanied by a Motion for Delayed Appeal pursuant to App.R. 5. Relator has failed to meet the jurisdictional requirements of timely or properly invoking the appellate jurisdiction of this court.
Relator has failed to establish a colorable claim for relief in mandamus as his petition is based on incorrect information.
Petition dismissed at Relator's costs.
Final order. Clerk to serve counsel or unrepresented party in accordance with the Civil Rules.
 ----------------------------------- JUDGE GENE DONOFRIO
 ----------------------------------- JUDGE JOSEPH J. VUKOVICH
 ----------------------------------- JUDGE CHERYL L. WAITE